UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MAURICE WHATLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:19-CV-12-HSM-DCP |
| | ) |
| INTERNAL REVENUE SERVICE, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

This matter comes before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court for consideration of Plaintiff's Application To Proceed *In Forma Pauperis* [Doc. 1]. The undersigned files this Report and Recommendation for the District Judge to whom the case is assigned. Accordingly, for the reasons more fully explained below, the Court finds that Plaintiff shall be allowed to file his Complaint without prepayment of costs, but the Court **RECOMMENDS** that the Complaint be **DISMISSED** without prejudice for lack of jurisdiction.

**I.  FILINGS AND ALLEGATIONS**

Plaintiff has filed an Application to Proceed *In Forma Pauperis*, with the required detailing of his financial condition. [Doc. 1]. The application demonstrates that Plaintiff has little income and no assets.

In the instant matter, Plaintiff alleges that his state and federal income tax return for 2017 is being withheld by the Internal Revenue Service ("IRS") due to a deficiency. [Doc. 2 p. 1]. However, Plaintiff claims that his tax return is being wrongfully withheld, as "the IRS has erred in their examinations." [*Id.* at 2]. Plaintiff further explains that he filed his state and federal income taxes online through H&R Block, and provided truthful and accurate information, but

1

subsequently received notice from the IRS that his tax return was being withheld due to a deficiency. [*Id.*]. Plaintiff seeks a Court order directing that the funds from his income tax return be released and that the IRS be required to pay the filing fee. [*Id.* at 3].

## II.     ANALYSIS

Applications to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915. The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have meaningful access to the courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Adkins v. W.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948). The statute therefore allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). To accomplish this end, a court must evaluate the litigant's indigence, but notwithstanding indigence, a court may *sua sponte* dismiss a matter under 28 U.S.C. § 1915(e)(2)(B).

The Court will address the indigence and merits components of 28 U.S.C. § 1915 in turn.

### A.     Indigence

The Court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990) (observing that the "the filing of a complaint is conditioned solely upon a person's demonstration of poverty in his affidavit and the question of frivolousness is taken up thereafter"). The threshold requirement that must be met in order to proceed *in forma pauperis* is that the petitioner show, by affidavit, the inability to pay court fees and costs. 28 U.S.C. § 1915(a). However, one need not be absolutely destitute to enjoy the benefit of proceeding *in forma pauperis*. *Adkins*, 335 U.S. at 339. An affidavit to proceed *in forma pauperis* is sufficient if it states that the petitioner cannot, because of poverty, afford to pay for the costs of litigation and still pay for the

necessities of life. *Id.* at 339. The decision to grant or deny such an application lies within the discretion of the court. *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988).

In the present case, Plaintiff's Application to Proceed Without Prepayment of Fees and Plaintiff's economic status have been considered in making the decision of whether to grant leave to proceed *in forma pauperis*. The application sets forth grounds for so proceeding. The Application to Proceed Without Prepayment of Fees, therefore, is **GRANTED**. The Clerk is **DIRECTED** to file the Complaint without prepayment of costs or fees. *See Gibson*, 915 F.2d at 262-63; *see also Harris v. Johnson*, 784 F.2d 222 (6th Cir. 1986). The Clerk **SHALL NOT**, however, issue process at this time.

### B. Merits of Plaintiff's Claim

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *See Neitzke*, 490 U.S. at 325; *see also Kiel v. Dep't of Veterans Affairs*, No. 3:09-CV-433, 2009 WL 5168055, at *1 (S.D. Ohio Dec. 18, 2009) (finding that the complaint should be dismissed under § 1915(e)(2)(B)(ii) because the court lacked subject matter jurisdiction). Because Plaintiff does not allege sufficient facts to establish this Court's jurisdiction, the undersigned will recommend that Plaintiff's Complaint be dismissed without prejudice for lack of jurisdiction.

Federal courts are courts of limited jurisdiction, possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Additionally, the United States may not be sued without its consent and the terms of that consent must be "unequivocally expressed." *United States v. Mitchell*, 445

3

U.S. 535, 538 (1980). A waiver of sovereign immunity must be strictly construed and cannot be implied. *United States v. King*, 395 U.S. 1, 4 (1969); *Soriano v. United States*, 352 U.S. 270, 276 (1957). Although Congress has waived sovereign immunity for any "civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority," 28 U.S.C. § 1346(a)(1), the Internal Revenue Code mandates that the taxpayer must submit a claim first with the Secretary of the IRS. 26 U.S.C. § 7422(a). If the claim is disallowed, the taxpayer must then file suit within two years of the IRS's disallowance of the claim. 26 U.S.C. § 6352(a)(1).

"The exhaustion-of-remedies requirement in § 7422(a) is mandatory. Under § 7422(a), a taxpayer is barred from bringing an action in federal court for a refund of any internal revenue tax or sum erroneously, illegally, or wrongfully assessed 'until a claim for refund . . . has been duly filed with the [IRS].'" *Berera v. Mesa Med. Grp., PLLC*, 779 F.3d 352, 359 (6th Cir. 2015) (citing 26 U.S.C. § 7422(a)); *see also Peppers v. United States*, 485 F. App'x 85, 87 (6th Cir. 2012) (holding "[a] district court lacks jurisdiction to entertain a cause of action if the taxpayer fails" to submit a claim with the IRS and then file suit within two years of the IRS's disallowance of the claim).[1]

Ultimately, Plaintiff has failed to demonstrate that he exhausted his administrative remedies before filing this action. Therefore, as Plaintiff has not alleged that he properly submitted a claim to the IRS regarding the disputed tax return, the undersigned finds that this Court

---

[1] "Alternatively, a plaintiff can file a petition in the United States Tax Court pursuant to 26 U.S.C. § 6213, which allows the taxpayer to litigate tax liability prior to payment. In contrast with a refund suit, a proceeding under § 6213 allows the taxpayer to litigate first, and if necessary, pay later." *Merritt v. I.R.S.*, No. 12-CV-14233, 2012 WL 6725884, at *5 (E.D. Mich. Dec. 27, 2012) (citing *Hamner v. U.S.*, No. 4:09-CV-1238, 2010 WL 4131331, at *4 (S.D. Tex. Mar. 9, 2010)).

4

lacks jurisdiction over his Complaint. *See, e.g.*, *Strickland v. I.R.S.*, No. 1:16-CV-775, 2016 WL 2348991, at *2 (N.D. Ohio May 4, 2016); *Warren v. Dep't of Treasury*, No. 15–cv–11367, 2015 WL 5166008, at *4 (E.D. Mich. May 6, 2015), *report and recommendation adopted by*, 2015 WL 4545995 (E.D. Mich. July 28, 2015).

### III. CONCLUSION

For the reasons set forth above, Plaintiff's Application to Proceed *In Forma Pauperis* [**Doc. 1**] is well taken, and the same is **GRANTED**. The Clerk is **DIRECTED** to file the Complaint in this case without prepayment of costs or fees. However, no process shall issue until the District Judge has ruled upon this Report and Recommendation,[2] because it is **RECOMMENDED**[3] that the Complaint [**Doc. 2**] be **DISMISSED** without prejudice for lack of jurisdiction.

Respectfully submitted,

Debra C. Poplin
United States Magistrate Judge

---

[2] This matter is to be presented to a District Judge pursuant to this Report and Recommendation under the authority of *Gibson*, 195 F.2d at 263, wherein the court states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed *in forma pauperis*.

[3] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).